IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SIHAM IBRAHIM MOHAMED EL NEIL, § § § Plaintiff, § § v. § § COMMISSIONER OF § SOCIAL SECURITY, § § Defendant. § | Civil Action No. 4:23-cv-00473-BP |

**MEMORANDUM OPINION AND ORDER**

Siham Ibrahim Mohamed El Neil ("El Neil") applied for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplement Security Income ("SSI") under the Social Security Act ("SSA"). The Commissioner denied her application, deciding that she was not disabled. El Neil appealed. At issue is whether substantial evidence supports the decision of the Administrative Law Judge ("ALJ") that El Neil is capable of performing work activities without any mental limitation. Finding that substantial evidence does not support the decision, the Court **REVERSES** the Commissioner's denial of El Neil's application and **REMANDS** the action for further administrative proceedings.

**I.   BACKGROUND**

El Neil first applied for DIB and SSI on December 5, 2019, alleging disability due to the combined effects of diabetes, high blood pressure, stroke, depression, memory loss, and vitamin deficiency. Soc. Sec. Admin. R. (hereinafter "Tr."), ECF No. 9-1 at 247-61, 292. The Commissioner denied her application initially and upon reconsideration. *Id.* at 145-50, 157-60. El Neil challenged the Commissioner's denial in a hearing before an ALJ, who affirmed the Commissioner's decision. *Id.* at 44-91, 23-38.

El Neil appealed the decision to the Social Security Appeals Council ("AC"), which denied review. Tr. 1-6. "[T]he Commissioner's decision does not become final until after the [AC] makes its decision denying the claimant's request for review." *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). Thereafter, El Neil filed this civil action seeking judicial review of the Commissioner's decision under 42 U.S.C. §§ 405(g), 1383(c)(3). ECF No. 1.

## II.    STANDARD OF REVIEW

Titles II and XVI of the SSA govern the DIB and SSI programs, respectively. *See* 42 U.S.C. §§ 401-434, 1381-1383f. Claimants seeking benefits under either program must prove that they are "disabled" within the meaning of the SSA. *See Hollis v. Bowen*, 837 F.2d 1378, 1382 n.3 (5th Cir. 1988) (stating the "relevant law and regulations governing the determination of disability under a claim for [DIB] are identical to those governing the determination under a claim for [SSI]"). A person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord id.* § 1382c(a)(3)(A). To determine whether a claimant is disabled and thus entitled to benefits, the Commissioner employs a sequential five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a).

First, the claimant must not be presently doing any substantial gainful activity. *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). "Substantial gainful activity" is work that "involves doing significant physical or mental activities" for pay or profit. *Id.* §§ 404.1572, 416.972. Second, the claimant must have a severe impairment or combination of impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Third, disability exists if the impairment or combination of impairments meets

or equals an impairment in the federal regulatory list. *See id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (referencing 20 C.F.R. pt. 404, subpt. P, app. 1).

Before proceeding to steps four and five, the Commissioner assesses the claimant's residual functional capacity ("RFC") and considers her past relevant work ("PRW"). *See id.* §§ 404.1520(a)(4), (e)-(f), 416.920(a)(4), (e)-(f). RFC means "the most [a claimant] can still do despite [her] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). PRW means work the claimant has done "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* §§ 404.1560(b)(1), 416.960(b)(1). Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to her PRW considering her RFC. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Fifth, the impairment must prevent the claimant from doing any other relevant work, considering the claimant's RFC, age, work experience, and education. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

Judicial review is limited to determining whether the Commissioner applied correct legal standards and whether substantial evidence in the record supports the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis*, 837 F.2d at 1382. "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th

Cir. 1994)). "It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* (quoting same). The Court may neither reweigh evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris*, 209 F.3d at 417; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (alteration in original) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III. ANALYSIS

The Commissioner, acting through the ALJ, completed the five-step evaluation process here. *See* Tr. 28-38. First, the ALJ found that El Neil had not engaged in substantial gainful activity since July 17, 2020. *Id*. at 28. Second, she found seven medically severe impairments: diabetes mellitus, type two; hypertension; degenerative disc disease of the cervical spine; status-post cerebrovascular accident; hyperlipidemia; aortic stenosis; and coronary artery disease. *Id*. at 29. The ALJ also found non-severe medical impairments, including bilateral knee osteoarthritis; major depressive disorder; generalized anxiety disorder; posttraumatic stress disorder ("PTSD"); panic disorder; and bipolar disorder. *Id*. Third, she identified no impairment or combination of impairments that qualified under the federal regulatory list. Tr. 31-32.

The ALJ then assessed El Neil's RFC:

> After careful consideration of the entire record, [the ALJ] find[s] that the claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except that the claimant can lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for six out of eight hours; and sit for six out of eight hours. The claimant can frequently climb stairs, balance,

4

> stoop, kneel, crouch and crawl, but cannot climb ladders. She
> requires the option to stand for thirty minutes and then sit for one to
> two minutes as needed throughout the day while remaining on task.
> The claimant may not have concentrated exposure to temperature
> extremes, vibration, respiratory irritants, or hazards.

Tr. 32. Using this RFC and relying on testimony from a vocational expert ("VE"), the ALJ determined at step four that El Neil could perform PRW, specifically as an automobile salesperson/automobile services manager. *Id*. at 36-38. The step-four finding meant that El Neil was ineligible for DIB or SSI because she was not disabled. *Id.* at 38; *see Lovelace*, 813 F.2d at 58. After concluding that El Neil's age, education, work experience, and RFC with additional limitations still allowed her to perform the requirements of another job, the ALJ then found El Neil "not disabled" under §§ 216(i) and 223(d) of the SSA. *Id*. El Neil urges reversal because the ALJ provided insufficient medical evidence to support her RFC evaluation. ECF No. 15 at 7-13.

    **A.    Reversal and remand are necessary because substantial evidence does not support the ALJ's RFC determination.**

Determining a claimant's RFC is the ALJ's responsibility. 20 C.F.R. § 404.1546(c); *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012). Even if the ALJ errs, reversal is only proper if prejudice results. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Here, the ALJ's decision proceeded through the five-step evaluation process. Tr. 28-38. The ALJ determined El Neil's RFC after step three. *Id.* at 32. The ALJ "fully considered the medical opinions" in the record, including state agency medical consultant ("SAMC") reports from October 2020 and July 2021 (Tr. 35 (citing Tr. 94-102, 103-111, 114-15, 126-37)) and a May 2021 opinion from Martin Kram, MD (Tr. 35 (citing Tr. 944-64). But because "[n]one of the [SAMC]s had an opportunity to review the hearing level record," and "they did not have most of the records available at the time of their review[,]" the ALJ found their opinions to be unreliable and therefore unpersuasive. Tr. 35. She

5

also found Dr. Kram's opinion unpersuasive because it amounted to an administrative finding rather than a medical opinion, and administrative findings are reserved for the Commissioner. *Id*.

El Neil does not dispute these findings but argues that "the record supports some mental limitation in the RFC, and that limitation should not have been guessed at by the ALJ but instead guided by a medical expert." ECF No. 15 at 10. Specifically, El Neil relies on the ALJ's step two findings that El Neil suffers from a number of non-severe mental impairments. Tr. 29. El Neil also points to an October 2020 psychiatric evaluation conducted by Dr. Kram (Tr. 967) and Dr. Kram's progress notes from April and August 2021 (Tr. 969-70). (The record also contains Dr. Kram's progress notes from January 2021, which are consistent with the October 2020 evaluation and April and August 2021 notes. *See* Tr. 968). Dr. Kram's evaluation and notes show that El Neil reported a variety of psychosis, mania, panic attack, depression, memory loss, PTSD, and insomnia symptoms, which caused Dr. Kram to diagnose El Neil with unspecified bipolar disorder, unspecified psychotic disorder, chronic PTSD, panic disorder, unspecified neurocognitive disorder, and schizoaffective disorder, bipolar type. Tr. 967-70.

El Neil argues that, given her mental limitations and the lack of persuasive medical opinions of the effect of these limitations on her ability to work, the record contained insufficient evidence to support the ALJ's RFC, leaving her to rely on her own guesswork. ECF No. 15 at 8. El Neil contends that "the record 'does not clearly establish . . . the effect [El Neil's] condition had on [her] ability to work.'" ECF No. 15 at 9 (quoting *Ripley*, 67 F.3d at 557). Thus, the ALJ "improperly used her lay interpretation of raw medical data" to formulate her RFC. *Id*. at 8-9 (cleaned up). El Neil further argues that the ALJ failed to develop the record sufficiently and should have sought a functional opinion or ordered a consultive examination. *Id*. at 11-12. She claims that this was harmful error. *See Williams v. Astrue,* 355 F. App'x 828, 832 (5th Cir. 2009);

*Frank v. Barnhart,* 326 F.3d 618, 622 (5th Cir. 2003) ("The medical expertise of the SSA is reflected in regulations; it is not the birthright of the lawyers who apply them.").

The Commissioner maintains that substantial evidence supports the ALJ's step-two conclusion that El Neil's mental limitations were mild and did not mandate the inclusion of mental limitations in the RFC. ECF No. 17 at 3-5. But El Neil does not dispute the ALJ's step-two finding. She instead argues that, given the evidence of mental limitations, the ALJ required the assistance of a medical opinion to determine whether those mental limitations impacted El Neil's ability to work. ECF No. 15 at 9-11. The Commissioner contends that there was sufficient evidence in the record to support the ALJ's RFC. ECF No.17 at 4-5 (citing Tr. 30, 55, 70-74, 958, 958-62, 967-70, 976, 1009, 1026, 1032). The Commissioner further asserts that ALJs do not need a medical opinion that mirrors their RFC, since they have the sole responsibility of interpreting medical evidence to determine the RFC and the full discretion to determine whether to order a consultive examination. *Id*. at 6-8. The Commissioner is correct that the ALJ is solely responsible for the determination of the RFC, but she must assess all the objective and subjective evidence and formulate the RFC from that analysis. *Taylor,* 706 F.3d at 602-03. Courts look to *Ripley,* 67 F.3d at 552 for guidance to determine whether the record clearly establishes the effect of a claimant's condition on her ability to work. *See Williams*, 355 F. App'x at 832 n.6.

    1.    *Ripley* and the Court.

Substantial evidence did not support the ALJ's RFC determination in *Ripley*, thus warranting remand, because the record "d[id] not clearly establish…the effect [the claimant's] condition had on his ability to work." *Ripley*, 67 F.3d at 557. The ALJ found Ripley not disabled because he could perform sedentary work. *Id.* Even though the record included "a vast amount of medical evidence," including "reports discussing the extent of Ripley's injuries," no reports from

7

"qualified medical experts" showed how Ripley's condition affected his ability to perform sedentary work. *Id.* at 557 & n.27.

The Court recognizes *Ripley*'s proposition that reversible error lies where the "record does not clearly establish" how an applicant's condition affects her ability to work. *Thornhill v. Colvin*, No. 3:14-cv-335-M, 2015 WL 232844, at *10 (N.D. Tex. Dec. 15, 2014) (quoting *Ripley*, 67 F.3d at 557), *rec. adopted*, 2015 WL 232844 (N.D. Tex. Jan. 16, 2015). The claimant in *Thornhill* alleged disability from depression, but the ALJ found the claimant to be "not disabled." *Id.* at *1. Finding the claimant's symptoms mild, the ALJ determined than the claimant was less limited than did a registered nurse, physician, and licensed professional counselor, but more limited than did two SAMCs. *Id.* at *9. The RFC determination reflected an ability to work but was erroneous to the extent that it "added mental limitations . . . to accommodate for [the claimant's] mild symptoms." *Id.* at *10. Even though adding mental limitations suggested that the ALJ was "simply giving [the claimant] the benefit of the doubt as to what limitations might apply," the only supporting evidence was progress notes that did not address the claimant's ability to work. *Id.* While the ALJ could depart from the relevant medical opinions, it then "became incumbent upon the ALJ to obtain an expert medical opinion" to fill the gap. *Id.* (citing *Ripley*, 67 F.3d at 557).

The Court again found reversible error where an ALJ determined a mental RFC after rejecting the only medical opinions that could support the determination. *Fitzpatrick v. Colvin*, No. 3:15-cv-3202-D, 2016 WL 1258477, at *7-8 (N.D. Tex. Mar. 31, 2016). Two SAMCs found the claimant's alleged mental impairment not severe, creating only mild issues with daily living; social functioning; and "maintaining concentration, persistence, or pace." *Id.* at *7. The ALJ rejected their opinions and found the claimant "more limited." *Id.* at *7 & n.6. The RFC provided that the claimant could function in a "simple work environment" featuring "simple routine instructions"

and "occasional contact with coworkers and supervisors." *Id.* at \*7. But only the rejected consultants' opinions supported such an RFC. *Id.* at \*8. Applying *Ripley* and *Thornhill*, the Court construed the ALJ's RFC determination as an improper attempt to address the claimant's mental impairments without relying on a supporting medical opinion. *Id.* at \*7-8 ("The ALJ erred in making the RFC determination after rejecting the only medical opinions in the record that addressed the effect of Fitzpatrick's mental impairments on his ability to work.").

In *Ripley*, *Thornhill*, and *Fitzpatrick*, the ALJ's failure to obtain a medical opinion addressing how the respective claimants' impairments affected their ability to work warranted reversal and remand in each instance. *See Ripley*, 67 F.3d at 557-58; *Thornhill*, 2015 WL 232844, at \*11; and *Fitzpatrick*, 2016 WL 1258477, at \*12. The undersigned's recommendations in *Alexander v. Saul*, No. 7:19-cv-00127-M-BP, 2020 WL 4573847 (N.D. Tex. July 9, 2020), *rec. adopted*, 2020 WL 4569034 (N.D. Tex. Aug. 7, 2020); *Bowles v. Comm'r of Soc. Sec.*, No. 7:20-cv-00112-O-BP, 2021 WL 7451148, at \*3 (N.D. Tex. Oct. 19, 2021), *rec. adopted*, 2022 WL 768546 (N.D. Tex. Mar. 14, 2022); and *Kirkland v. Comm'r of Soc. Sec.*, No. 4:22-cv-759-O-BP, 2023 WL 3357597 (N.D. Tex. Apr. 25, 2023), *rec. adopted*, No. 4:22-cv-759-O-BP, 2023 WL 3362633 (N.D. Tex. May 10, 2023) reached similar conclusions in cases with similar facts.

    2.    There is no substantial evidence to support the lack of mental limitations in the ALJ's RFC.

The record does not clearly establish the effects of El Neil's mental impairments on her ability to work. Substantial evidence does not support the ALJ's mental RFC assessment, just like in *Ripley*. While the ALJ was free to reject the medical opinions in the record, she then had to obtain a medical opinion supporting which work tasks El Neil could perform despite her impairments. *Fitzpatrick*, 2016 WL 1258477, at \*7 (applying *Thornhill*, 2015 WL 232844, at \*10, and *Ripley*, 67 F.3d at 557-58). The ALJ did not do so. Because the ALJ did not cite a medical

9

opinion that supported her conclusion, the Court must conclude that she improperly used her lay interpretation of raw medical data to accommodate El Neil's impairments. *See Williams*, 355 F. App'x at 832 & n.6. Reversal is thus proper. *See Thornhill*, 2015 WL 232844, at *10.

The ALJ "has a duty to develop the facts fully and fairly" when the record lacks "reports from qualified medical experts" explaining how a claimant's condition affects her ability to work, "no matter how 'small'" the effects may be. *Ripley*, 67 F.3d at 557 & n.27. The Commissioner argues that the ALJ was properly interpreting the medical evidence to determine El Neil's capacity for work. ECF No. 17 at 7. However, because medical opinions do not support the narrative to explain how El Neil's mental impairments affect her ability to work, the Commissioner's argument falls short.

The ALJ's decision cites many medical reports from the record supporting her finding that El Neil was not disabled, including Dr. Kram's psychiatric evaluation and progress notes. Tr. 30 (citing Tr. 967-70). And as in *Ripley*, the Commissioner points to other parts of the ALJ's decision suggesting that the treatment records, consultative examination reports, and El Neil's subjective self-reports, all support the ALJ's findings. ECF No. 17 at 4-5; *see Ripley*, 67 F.3d at 557 & n.27. The Commissioner is correct that the ALJ considered and cited this evidence in her decision. Tr. 30-31, 33. Nevertheless, the ALJ may not rely on her own unsupported opinion as to what limitations El Neil's medical conditions require, which is what the ALJ did here. *Ripley*, 67 F.32 at 577 n. 27 ("Without reports from qualified medical experts, however, we cannot agree that the evidence substantially supports the conclusion that Ripley was not disabled because we are unable to determine the effects of Ripley's conditions, no matter how 'small', on his ability to perform sedentary work.") *Williams,* 355 F. App'x at 832 n.6; *see also Graves v. Kijakazi,* No. 3:22-cv-0107-L-BH, 2023 WL 2025247 at *16-17 (N.D. Tex. January 31, 2023).

ALJs enjoy complete discretion regarding whether to order a consultative examination. *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987). But in circumstances like this, if the ALJ elects not to do so, she must refer to expert opinion evidence to support the limitations that she imposes or chooses not to impose. ALJs have discretion as to the means, but not the ends. *Id.*; *see also Thornhill,* 2015 WL 232844, at *10 (recognizing *Ripley*'s principle that reversible error lies where "the record does not clearly establish" a basis for the vocational limitations imposed).

Developing the record prevents judges from playing the role of doctor, a role for which they are generally ill-equipped. *See Frank,* 326 F.3d at 622. "While the ALJ could depart from the relevant medical opinions, it then 'became incumbent upon the ALJ to obtain an expert medical opinion' to fill the gap." *Bowles*, 2021 WL 7451148, at *3 (quoting *Thornhill*, 2015 WL 232844, at *10); *see also Silves H. v. Kijakazi,* No. 3:22-cv-286-K-BN, 2022 WL 17345924, at *4 (N.D. Tex. Nov. 14, 2022) (no supporting substantial evidence where no medical opinions supported the ALJ's additional limitations).

The Court will not reverse the Commissioner's decision where "the substantial rights of a party have [not] been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). But the ALJ's omission of mental limitations without the benefit of expert medical opinion necessarily affected El Neil's substantive rights. *Bowles*, 2021 WL 7451148, at *3-4; *see also Ripley*, 67 F.3d at 557 & n.27 (noting ALJs have "a duty to develop the facts fully and fairly" when the record lacks "reports from qualified medical experts" explaining how a claimant's condition would impact her ability to work, "no matter how small" the effects may be). The absence of a medical opinion addressing El Neil's ability to work casts doubt on the ALJ's decision. In similar cases where a medical opinion did not support the ALJ's limitations, courts have found reversible error. *See Williams,* 355 F. App'x at 832; *Thornhill,* 2015 WL 232844, at *10-11; *Kirkland*, 2023 WL

3357597, at *6. Further, if the RFC would have afforded El Neil mental limitations, she may not have been able to return to her PRW. Thus, the Court must reverse the Commissioner's decision no matter how understandable and reasonable the imposed limitations may be. *Mays*, 837 F.2d at 1364.

## IV.   CONCLUSION

Substantial evidence in the record does not support the ALJ's findings regarding El Neil's RFC due to a lack of supporting medical evidence. The Court thus **REVERSES** and **REMANDS** this action for further administrative proceedings.

It is so **ORDERED** on January 24, 2024.

/s/ Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE